# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. |
| v. ) ) | **JURY TRIAL DEMANDED** |
| VULCAN CYBER, INC., ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Vulcan Cyber, Inc. ("Defendant" or "Vulcan"), by and through its attorneys, Dentons US LLP, hereby removes from the Circuit Court of the Twenty-First Judicial Circuit in and for St. Louis County, State of Missouri, to the United States District Court for the Eastern District of Missouri the action captioned *Edward J. Koeller v. Vulcan Cyber, Inc.*, Case No. 22SL-CC04041 (the "State Court Action") asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA"). This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b), and supplemental jurisdiction under 28 U.S.C. §1367. Pursuant to 28 U.S.C. § 1446(a), a copy of all state court filings are attached as **Group Exhibit A**. Defendant will promptly serve Plaintiff Koeller with written notice of filing this Notice of removal as required by 28 U.S.C. § 1446(d). The following is a short and plain statement of the grounds for removal:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On September 14, 2022, Plaintiff Koeller, individually and on behalf of all others similarly situated, commenced the State Court Action by filing a complaint. *See* Complaint, attached hereto as part of **Group Exhibit A**.)

2. On October 18, 2022, Plaintiff Koeller filed a putative First Amended Class Action Complaint (the "Amended Complaint") in the State Court Action. (*See* Amended Complaint, attached hereto as part of **Group Exhibit A**.) On December 29, 2022, Defendant was served with the Amended Complaint. (*See* Return of Service, attached hereto as part of **Group Exhibit A**.) Defendant's deadline to respond to the Amended Complaint is January 29, 2023. At the time of filing of this removal, Defendant has not answered the Amended Complaint.

3. Plaintiff's Amended Complaint asserts two Counts: Count I: violations of the TCPA, 47 U.S.C. § 227; and Count II: violations of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq*. The Amended Complaint alleges generally that Defendant caused telemarketing calls to be made without the consent of the recipients of the calls. Defendant denies these allegations.

4. This Notice of Removal was timely filed within 30 days of service of the Summons and Amended Complaint. *See* 28 U.S.C. § 1446(b).

## REMOVAL IS TIMELY

5. On December 29, 2022, Defendant was served with process. (*See* Return of Service, attached hereto as part of **Group Exhibit A**.) This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Amended Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that 30-day removal period does not start to run until defendant is formally served).

**VENUE**

6. Venue lies in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1446(a), because the action was filed in the Circuit Court of St. Louis County, Missouri, which is located within this District and Division.

**JURISDICTION IS PROPER UNDER 28 U.S.C. § 1331**

7. District courts have original subject matter jurisdiction over all civil actions arising under the laws of the United States, 28 U.S.C. § 1331, including claims brought under the TCPA. *Mims v. Arrow Fin. Servs., Inc.*, 565 U.S. 368, 376 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits."). As the Supreme Court held in *Mims*, "[b]ecause federal law creates the right of action and provides the rules of decision, [Plaintiff's] TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'" *Id.* at 377.

8. Further, because the Court has original subject matter jurisdiction over Count I for relief under the TCPA, the Court has supplemental jurisdiction over Plaintiff's state law claims under the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*, which arise out of the same alleged conduct as the federal TCPA claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . ." 28 U.S.C. § 1367(a).

**ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET**

9. Promptly after filing this Notice of Removal, Defendant shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Circuit Court of St. Louis

County, Missouri, pursuant to 28 U.S.C. § 1446(d), along with a Notice of Filing of Notice of Removal. All procedural requirements for removal have been satisfied.

WHEREFORE, for the reasons set forth above, Defendant requests this Court to assume full jurisdiction over this action as provided by law.

Dated:  January 30, 2023                               Respectfully submitted,

                                                **DENTONS US LLP**

                                        By: */s/ Michael E. Harriss*
                                             Michael E. Harriss # 67200MO
                                             One Metropolitan Square, Suite 3000
                                             St. Louis, Missouri 63102
                                             (314) 241-1800  Telephone
                                             (314) 259-5959  Facsimile
                                             michael.harriss@dentons.com

                                        *Attorneys for Defendant Vulcan Cyber, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 30th day of January, 2023 with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following, and a copy of the foregoing was also served via U.S. mail to:

John F. Garvey
Colleen Garvey
BRANSTETTER STRANCH & JENNINGS PLLC
1510 Market Street, Suite 1510
St. Louis, MO 63101
jackg@bsjfirm.com
colleeng@bsjfirm.com

- and -

Samuel J. Strauss
TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, WA  98103
sam@turkestrauss.com

- and -

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

/s/ *Michael E. Harriss*

123026500