IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| **EDWARD J. KOELLER**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>VS.<br><br>**VULCAN CYBER, INC.**<br>SERVE:<br>Vcorp Services, Registered Agent<br>1013 Centre Road, Suite 403-B<br>Wilmington, DE 19805<br><br>*Defendant.* | **CASE NO. 22SL-CC04041**<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Edward J. Koeller (hereinafter "Mr. Koeller" or "Plaintiff") on behalf of himself and the proposed classes defined below, brings this action against Vulcan Cyber, Inc. ("Vulcan Cyber" or "Defendant"), to secure redress on behalf of himself and those similarly situated for Defendant's violations of the do-not-call rules of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the no-call rules of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*

### NATURE OF THE ACTION

1. Advancements in telephone dialing technology by the 1980s and 1990s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result,

1

the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses.  As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

2. As is relevant here, the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

3. The TCPA and its implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

4. The Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*, similarly provides that "[n]o person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations." Mo. Rev. Stat. § 407.1098. It also prohibits "knowingly us[ing] any method to block or otherwise circumvent any subscriber's use of a caller identification service" with respect to a telephone solicitation to a residential subscriber. Mo. Rev. Stat. § 407.1104.

Electronically Filed - St Louis County - October 18, 2022 - 07:58 AM

5. Defendant caused multiple telemarketing calls to be made to the telephones of Plaintiff and the putative Class without their prior express invitation or permission, despite such person's prior request to not be called and/or registration with the National Do Not Call Registry or Missouri No-Call List. Plaintiff files this first amended class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal calling practices.

6. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two proposed classes of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

7. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 52.08 of the Missouri Rules of Civil Procedure.

## THE PARTIES

8. Plaintiff Edward J. Koeller is a natural person who resides in St. Louis County, Missouri, as he did at all relevant times during the conduct alleged in this First Amended Complaint.

9. Defendant Vulcan Cyber, Inc. is a foreign business corporation headquartered at 116 Menachem Begin Street, Tel-Aviv-Yafo, Israel, with its principal place of business at 2345 Yale Street, Palo Alto, CA 94306.

## JURISDICTION AND VENUE

10. This court is vested with subject-matter jurisdiction pursuant to Mo. Stat. § 478.070.

11. This Court has personal jurisdiction over Vulcan Cyber as it provides services in Missouri and makes telemarketing calls into Missouri.

12. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010 because Plaintiff was injured by receiving the illegal telemarketing calls at issue while residing in the county of St. Louis.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

17. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

19. The FCC has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, 232,000 complaints in 2018, 191,761 complaints in 2019, and 155,167 complaints in 2020. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited June 2, 2021).

## FACTUAL ALLEGATIONS

### A.   Factual Allegations Regarding Defendant

20. Vulcan Cyber is a cybersecurity company.

21. One of Vulcan Cyber's strategies for marketing its services involves the use of telephone solicitation calls.

22. Recipients of these telephone solicitation calls, including Plaintiff, often did not consent to receive such calls.

### B.   Factual Allegations Regarding Plaintiff

23. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24. Plaintiff's telephone number, (314) 602-XXXX, is a non-commercial telephone number not associated with any business.

25. Plaintiff's telephone number, (314) 602-XXXX, is a cellular telephone number used for personal residential purposes.

26. Plaintiff's telephone number has been listed on the National Do Not Call Registry since August 2007.

27. Additionally, Plaintiff's telephone number has been on the Missouri No-Call List since January 1, 2013.

28. Plaintiff has never been a customer of Vulcan Cyber and never consented to receive calls from Vulcan Cyber.

29. Despite his registrations with the National Do Not Call Registry and the Missouri No-Call List, Plaintiff received multiple telemarketing calls from Vulcan Cyber.

30. On June 3, 2022, Plaintiff received a telephone solicitation call on his cellular telephone number promoting Vulcan Cyber's services.

31. The caller identified herself as an individual calling from Vulcan Cyber.

32. Indeed, the telephone number that called Plaintiff was flagged as "Spam Risk" on his cellular telephone.

33. This is indicative of the *en masse* nature of the calling from Defendant.

34. On the call, Vulcan Cyber attempted to solicit Plaintiff for its vulnerability management products.

35. Plaintiff was not interested in Vulcan Cyber's services and informed the caller as such.

36. Plaintiff informed the caller that he was on the National Do Not Call Registry and the Missouri No-Call List and that she was calling a personal cell phone.

37. Despite this statement, Vulcan Cyber made an additional telemarketing call to Plaintiff on June 28, 2022.

38. The Caller ID for the June 28, 2022, call was (718) 303-9878, which is a telephone number associated with Vulcan Cyber.

39. Again, on the call, Vulcan Cyber attempted to solicit Plaintiff for its vulnerability management products.

40. The caller identified herself as "Sarah."

41. Plaintiff informed "Sarah" during her sales pitch that he was on the National Do Not Call Registry and the Missouri No-Call List and that she was calling a personal cell phone.

42. Despite hearing this, "Sarah" continued to promote Vulcan Cyber's vulnerability management products.

43. Plaintiff then terminated the call.

44. Confirming the solicitation, "Sarah" then sent Plaintiff an email from her email address, Sarah.Yandow@vulcan.io.

45. The "vulcan.io" domain is associated with Vulcan Cyber.

46. Each of the above-described calls occurred after Plaintiff had registered his telephone number with both the National Do Not Call Registry and the Missouri No-Call List.

47. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ALLEGATIONS

48. Pursuant to Missouri Court Rule of Civil Procedure 52.08, Plaintiff brings this class action on behalf of himself and the following proposed Classes (the "Classes"):

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Vulcan Cyber's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing the Complaint to trial.
>
> **Missouri No-Call List Class:** All persons in the State of Missouri whose (1) telephone numbers were on the Missouri No-Call List, (2)

but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Vulcan Cyber's goods or services, (3) within a 12-month period, (4) where Vulcan Cyber's records do not reflect any other consensual business transaction with such person for at least 181 days prior, (5) at any time in the period that begins two years before the date of filing the Complaint to trial.

49. The following people are excluded from the Classes: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, affiliated entities, and any entity in which the Defendant or its parent has a controlling interest, and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

50. Plaintiff and members of the Classes satisfy the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 52.08(a).

51. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

52. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

8

53. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

54. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

   a. Whether Vulcan Cyber obtained "prior express invitation or permission" under the TCPA and Missouri Telemarketing No-Call List Law, before the calls at issue;

   b. Whether Vulcan Cyber has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations or Missouri's Telemarketing No-Call List Law;

   c. Whether Vulcan Cyber should be held liable for violations on its behalf; and

   d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

55. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

Electronically Filed - St Louis County - October 18, 2022 - 07:58 AM

would entail. There are hundreds of Class members of each Class, such that joinder of all members is impracticable.

56. In addition to satisfying the prerequisites of Rule 52.08(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 52.08(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

59. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

60. These violations were willful or knowing.

61. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

62. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### COUNT II
### Violations of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.* (On Behalf of Plaintiff and the Missouri No-Call List Class)

63. It is a violation of the Missouri Telemarketing No-Call List Law to make or cause to be made any telephone solicitation to any residential subscriber in Missouri who has placed his or her phone number on the Missouri No-Call List. Mo. Rev. Stat. § 407.1098.

64. Defendant violated the Missouri Telemarketing No-Call List Law by making or causing to be made multiple telephone solicitations of Defendant's goods or services to residential subscribers, like Plaintiff and each member of the Missouri No-Call List Class, in a 12-month

Electronically Filed - St Louis County - October 18, 2022 - 07:58 AM

period, despite the person's registration of his or her telephone numbers on the Missouri No-Call List.

65. These violations were willful or knowing.

66. Defendant failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations to persons who had registered their telephone numbers with the Missouri No-Call List.

67. As a result of Defendant's violations of the Missouri Telemarketing No-Call List Law, Plaintiff and members of the Missouri No-Call List Class are each entitled to an injunction and up to $5,000 in damages for each such knowing violation. Mo. Rev. Stat. § 407.1107.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class and the Missouri No-Call List Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the Missouri No-Call List Class as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Classes;

E. Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

F. Damages to Plaintiff and members of the Missouri No-Call List Class pursuant to Mo. Rev. Stat. § 407.1107;

G. Injunctive relief for Plaintiff and members of the National DNC Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the

National Do Not Call Registry;

H.   Injunctive relief for Plaintiff and members of the Missouri No-Call List Class, pursuant to Mo. Rev. Stat. § 407.1107, preventing the Defendant from making calls to numbers listed on the Missouri No-Call List;

I.   Attorneys' fees and costs, as permitted by law; and

J.   Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  October 18, 2022            Respectfully submitted,

By: /s/ John F. Garvey
John F. Garvey #35879
Colleen Garvey #72809
BRANSTETTER STRANCH &
JENNINGS PLLC
1510 Market Street Suite 1510
St. Louis MO 63101
Telephone (314) 390-6750
Facsimile: (615) 255-5419
jackg@bsjfirm.com
colleeng@bsjfirm.com

Samuel J. Strauss*
TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com

Anthony Paronich*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com

*Motions for Admission to be filed

*Attorneys for Plaintiff and the Proposed Classes*

## CERTIFICATE OF FILING

The undersigned hereby certifies that the foregoing First Amended Class Action Complaint has been filed using the Court's electronic case filing system on this 18th day of October, 2022.

/s/ John F. Garvey